In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
**NO. 09-20-00285-CV**

**ABEL VILLARREAL, Appellant**

**V.**

**KENDAL NICOLE VILLARREAL, Appellee**

**On Appeal from the 418th District Court**
**Montgomery County, Texas**
**Trial Cause No. 19-10-14652-CV**

## ORDER

Appellant, Abel Villarreal, filed a motion for appellate review of the trial court's order of January 26, 2021, which required appellant to pay the cost for the record by making an initial $180 payment and thereafter by making $100 monthly payments until the cost for the record has been paid. *See* Tex. R. Civ. P. 145(f)(7).

Appellant challenges the trial court's finding that he makes approximately $39,000 annually at his current employment. The evidence before the trial court included appellant's testimony that he earns $2,480 per month and a pay stub for a

1

two-week period in December 2020 that showed he earned $15.50 per hour with additional overtime and holiday pay. According to the pay stub, appellant earned approximately $1,524 in gross pay, including holiday pay of $248, from which taxes of $273 and child support in the amount of approximately $625 had been withheld.

Appellant claimed monthly expenses of $2,860, but he provided no documentary support for any expenses other than child support. The trial court found appellant's testimony was not credible and was contradicted by his previous statements of inability to pay costs. A statement signed on November 11, 2020, stated appellant's monthly expenses were $1,855. Appellant testified he had $180 at the time of the hearing. Given the evidence that appellant's average monthly income was somewhere between $2,480 and $2,680 with additional income from holiday pay, as indicated by appellant's paystub, and his monthly expenses were somewhere between $1,855 and $2,860, as indicated in his statements, the trial court's finding that appellant could afford to pay $180 down and $100 per month for the record is supported by the record.

On this record, we conclude that the trial court did not abuse its discretion by finding that appellant failed to carry his burden under Rule 145 and that appellant is able to afford payment in installments. *See* Tex. R. Civ. P. 145(f). We deny appellant's motion to challenge and affirm the trial court's order to pay costs. *See* Tex. R. Civ. P. 145(g).

ORDER ENTERED February 22, 2021.

PER CURIAM

Before Kreger, Horton and Johnson, JJ.